UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK JACKSON,

Plaintiffs,

v.

PATWIN HORN, et al.,

Defendants.

No.  1:25-cv-01426-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF

(ECF No. 13)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed December 29, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915. The alleged incident at issue in this action took place at Kern Valley State Prison (KVSP).

On December 29, 2024, Plaintiff slipped and fell in a puddle of water caused by a leaking pipe in front of his cell. Plaintiff injured his head, neck, and back. Plaintiff was taken to the Correctional Treatment Center where he received a neck brace before being transported to Adventist Health in Delano.

///

After returning from the hospital to KVSP, Plaintiff noticed a "Caution" sign put up in the location where the fall occurred that was not there at the time of the incident or the weeks preceding thereto.

Footage from video cameras in the dayroom would have shown the condition leading to the slip and fall, as well as subsequent actions of Defendants who should have preserved the video footage.

Prior to the incident, Plaintiff had notified Defendants to put in work orders for maintenance to fix the problem multiple times which they continued to neglect.  The leakage occurred for the entire months of September through December.

Work order are now placed via computer, rather than in writing, and it is believed computer records would show none were for the leakage causing puddles resulting in Plaintiff's injuries.

Compared to other prisons, KVSP has an extensive history of incidents of slip and falls, negligence in maintenance of the plumbing problems, and aging/leaking pipes since the prison opened in 2005.  It takes months for repairs after work orders are placed, and there is a policy of "temporary fixes" with non-stop leakage problems known to the Warden, Chief Plans Operator, and plumbers.

Plaintiff alleges that plant operations claims to not have received a work order in this instance.  Supervisor did not conduct routine safety checks on piping conditions or visual inspections of conditions of the facility, despite a duty to maintain the facilities.

An audit by the Office of the Inspector General would likely show a custom or practice of negligently responding to pipe leaks (since a 2006 aging pipes report was release), shower flooding, and other leakage complaints at KVSP.  Over thirty civil rights actions have been filed against officers and supervisors at KVSP between 2008 and 2024.

Despite numerous complaints, no protocol was established for video evidence preservation when responding to slip and fall incidents, where several of the lawsuits claimed the injuries were the result of supervisory implemented policies.

///

3

### III.

### DISCUSSION

**A.      Conditions of Confinement/Slippery Floors**

The " 'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to " 'take reasonable measures to guarantee the safety of the inmates.' " Id.

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. Id. at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. There must be "harm caused by the indifference," although the harm does not need to be substantial. See Jett, 439 F.3d at 1096.

Case law is clear that a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The Ninth Circuit has held that claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  The Ninth Circuit repeatedly has affirmed dismissals of a pro se prisoner's action,

4

where the prisoner complained only of a leaking roof and the resulting accumulation of water on a cell floor. See, e.g., Pickett v. Nooth, No. 17-35305, 2017 WL 4541428, at *1 (9th Cir. July 28, 2017) (dismissing appeal as frivolous where plaintiff claimed, inter alia, that he slipped and fell in a puddle caused by a leaky roof); Winnop v. Deschutes Cnty., 471 F. App'x 602 (9th Cir. 2012) (same); Gilman v. Woodford, 269 F. App'x 756 (9th Cir. 2008) ("The district court properly determined that the allegations in Gilman's second amended complaint failed to demonstrate that prison officials' conduct in maintaining the prison roof and floors violated the Eighth Amendment.").

The Ninth Circuit finds conditions such as a wet and slippery floor to be "minor safety hazards," which do not violate the Eighth Amendment unless there is some "exacerbating condition[ ] ... which render[s] [the prisoner] unable to 'provide for [his] own safety.' " Osolinski, 92 F.3d at 938. Thus, in order to state a cognizable claim for relief, there must be some exacerbating condition in addition to the slippery floor. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions). For example, in Frost, the prisoner-plaintiff was forced to traverse a wet and slippery shower floor while on crutches, and thus was unable to balance himself as well as an uninjured person. See Frost, 152 F.3d at 1129. The Ninth Circuit held that the failure to "provide handicapped-accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches," combined with the risk posed by the wet shower floor, was sufficient to state an Eighth Amendment violation. Id.

Here, Plaintiff's second amended complaint is almost identical to the first amended complaint. As stated in the Court's prior screening order, Plaintiff's allegations fail to give rise to a claim for deliberate indifference based a one-time slip and fall at KVSP because he does not identify any exacerbating factor. Plaintiff has not identified any condition that rendered him unable to provide for his own safety in the sense that the conditions prevented him from avoiding the wet floors or rendered him unable to perceive the slippery conditions. See Osolinski, 92 F.3d at 938. Without something more than a slippery floor or a flooded cell, Defendants could not

have known about an objectively serious condition creating a substantial risk of serious harm.  As another Circuit Court explained, while a slippery floor does present a potential hazard, "slippery floors constitute a daily risk faced by members of the public at large" and does not constitute cruel and unusual punishment. Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)).  "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Reynolds, 370 F.3d at 1031. Plaintiff includes no allegations demonstrating that a named Defendant acted with deliberate indifference, and Plaintiff received medical attention immediately following the fall.

Further, Plaintiff's conclusory allegations concerning the water on the floor and work orders submitted to repair the leaking pipes sound in negligence, not deliberate indifference. Plaintiff provides insufficient facts to establish that any Defendant purposely ignored a known risk to Plaintiff's safety. See, e.g., Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (rejecting claim regarding a slip and fall, even where plaintiff alleges that defendants had notice of the slippery conditions); Wallace v. Sherman, 2020 WL 4193968, at *2-5 (E.D. Cal. July 21, 2020) (dismissing complaint that alleged a leaky roof of which prison staff were aware, and caused plaintiff to slip and fall resulting in a head injury, was not an Eighth Amendment violation), report and recommendation adopted, 2020 WL 5237603 (E.D. Cal. Sept. 2, 2020); Peterson v. Stewart, No. 23-cv-0692 DJC JDP P, 2024 WL 2023668, at *1 (E.D. Cal. May 7, 2024) (allegation that defendants failed to address a slippery floor that caused inmate to fall and suffer injury has routinely been held to sound only in negligence), findings and recommendations adopted, 2024 WL 3637981, at *1 (E.D. Cal. Aug. 2, 2024).  The allegations presented by Plaintiff do not support an inference that anyone intended to harm Plaintiff, or that an individual understood that the slippery floor posed a substantial risk of serious harm to Plaintiff.  Plaintiff's allegations support no more than negligence, and therefore do not state a claim for relief under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain" necessary to demonstrate deliberate indifference).

///

6

**B.    Further Leave to Amend**

The Court will recommend that Plaintiff's second amended complaint be dismissed without further leave to amend.  A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted). Plaintiff was previously advised regarding the deficiencies of his claim.  (ECF No. 10.)  Plaintiff's second amended complaint is almost identical to his first amended complaint, and the second amended complaint does not include additional factual allegations giving rise to a cognizable claim for relief.  Thus, further leave to amend would be futile.  See Gonzalez v. Planned Parenthood, 759, F.3d 1112, 1116 (9th Cir. 2014) (" 'Futility of amendment can, by itself, justify the denial of ... leave to amend.' ") (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the Clerk of Court randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without

7

leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 22, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge